UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CSDVRS, LLC,

    Plaintiff,

v.                                                                                          Case No: 8:13-cv-1811-T-30AEP

PURPLE COMMUNICATIONS, INC.
and AUPIX, LTD.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon Defendant Purple Communications, Inc.'s Motion to Engage in Limited Expedited Discovery to Adequately Respond to Plaintiff's Pending Motion to Remand (Dkt. 26), Plaintiff's Response In Opposition to Defendant Purple Communications, Inc.'s Motion to Engage in Limited Expedited Discovery and Memorandum of Law in Support (Dkt. 36), and Defendant Purple Communications, Inc.'s Motion for Leave to File a Reply Memorandum in Support of its Motion to Engage in Limited Expedited Discovery (Dkt. 40).

*Background Facts*

Plaintiff CSDVRS, LLC ("CSDVRS") filed a complaint in state court alleging breach of contract, tortious interference, fraudulent inducement and promissory estoppel. Defendant, Purple Communications, Inc. ("Purple"), removed this action to federal court based on diversity of citizenship. In its Amended Notice of Removal, Purple alleged that CSDVRS is a limited liability company with seven members and that the seven members are not citizens of Delaware or California. The Plaintiff previously filed a similar complaint against the same parties in

federal court based on diversity of citizenship, which it voluntarily dismissed. *See CSDVRS, LLC v. Aupix, Ltd., et. al.,* Case No. 8:13-CV-649-T-30MAP.

CSDVRS filed a Motion to Remand the case objecting to Purple's allegations of complete diversity of citizenship. In support of its Motion to Remand Plaintiff attached three affidavits which identified nine members or partners of CSDVRS who "resided" in California. Plaintiff then filed a supplemental affidavit stating that CSDVRS has a member, M/C Venture Investors, LLC, which has three members who are "citizens of the United States, domiciled in and citizens of Kentfield, California, Tiburon, California, and San Francisco, California." The supplemental affidavit does not identify whether these three members are individuals or corporations.

In response to the Motion for Remand, Purple filed a Motion to Engage in Limited Expedited Discovery to Adequately Respond to Plaintiff's Pending Motion to Remand (Dkt. 26). The Motion requests leave to conduct interrogatories, requests for production and depositions, if necessary, to determine whether complete diversity exists. (Dkt. 26).

## *Discussion*

### I.   **Legal Standard**

The court has discretion to determine whether to allow jurisdictional discovery when the court's subject matter jurisdiction is in dispute. *Eaton v. Dorchester Dev., Inc.,* 692 F.2d 727, 729 (11th Cir. 1982) ("[F]ederal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits").

**Defendant's Motion for Limited Expedited Discovery**

Complete diversity requires that "the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317, 1320 n. 2 (11th Cir. 2005). Although CSDVRS has voluntarily proffered affidavits regarding the citizenship of several of its

member companies, Purple has contested the sufficiency of the affidavits and therefore jurisdiction is in dispute. *See Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC,* 374 F. 3d 1020, 1023 (11th Cir. 2004). (Remanding the case to district court for the limited purpose of determining the citizenship of the parties). Further, evidence of the dispute as to diversity of citizenship exists due to the Plaintiff's prior allegations of complete diversity between the same parties in its prior complaint. The Court concludes that the Defendant is entitled to jurisdictional discovery limited to the issue of diversity of citizenship between the Plaintiff and Defendants.

The Court grants the motion with due regard to the holding in *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007) denying post-removal jurisdictional discovery. Given that the defendant removed within thirty days of service of the complaint under the first paragraph of 28 USC § 1446(b), *Lowery* is distinguishable from this case. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 747 (11th Cir. 2010). ("While some of the language of the opinion [in *Lowery*] sweeps more broadly, it is dicta insofar as a § 1446(b) first paragraph case, like this one, is concerned."). *See also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058 (11th Cir. 2010).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant, Purple Communications Inc.'s Motion to Engage in Limited Expedited Discovery to Adequately Respond to Plaintiff's Pending Motion to Remand (Dkt.26) is granted. The parties may conduct discovery limited to jurisdictional issues regarding the citizenship of the parties. All discovery must be completed within sixty (60) days of the date of this Order.

2. Defendant, Purple Communications, Inc.'s Motion for Leave to File a Reply Memorandum in Support of its Motion to Engage in Limited Expedited Discovery (Dkt. 40) is denied as moot

3. The Court will defer ruling on Plaintiff's Motion for Remand (Dkt. 21) until the end of the limited discovery period.

4. Defendant shall respond to Plaintiff's Motion for Remand (Dkt. 21) within seven (7) days of the close of discovery.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Odd\2013\13-cv-1811 discovery 26.docx*