UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CSDVRS, LLC,

    Plaintiff,

v.                                                      Case No: 8:13-cv-1811-T-30AEP

PURPLE COMMUNICATIONS, INC.
and AUPIX, LTD.,

    Defendants.

## **ORDER**

THIS CAUSE comes before the Court upon the Plaintiff CSDVRS, LLC's Motion to Remand (Dkt. #21) and Defendant Purple Communications, Inc.'s Opposition to Plaintiff's Motion to Remand (Dkt. #45) and CSDVRS, LLC's Motion for Leave to Reply to Defendant Purple Communications' Opposition to Plaintiff's Motion to Remand (Dkt. #46). Upon review and consideration, it is the Court's conclusion that the case should be remanded to state court.

### *Background*

Plaintiff CSDVRS, LLC ("CSDVRS") filed a complaint in state court alleging breach of contract, tortious interference, fraudulent inducement and promissory estoppel. Defendant, Purple Communications, Inc. ("Purple") removed this action to federal court based on diversity of citizenship. In its Amended Notice of Removal, Purple alleged that CSDVRS is a limited liability company with seven members who are not citizens of

Delaware or California. Purple made these allegations because CSDVRS previously filed a similar complaint against the same parties in federal court based on diversity of citizenship, which it voluntarily dismissed. *See CSDVRS, LLC v. Aupix, Ltd., et. al.,* Case No. 8:13-CV-649-T-30MAP (the "Prior Action").

CSDVRS filed a Motion to Remand the case objecting to Purple's allegations of complete diversity of citizenship. In support of its Motion to Remand Plaintiff attached three affidavits which identified nine members or partners of CSDVRS who "resided" in California. Plaintiff then filed a supplemental affidavit stating that CSDVRS has a member, M/C Venture Investors, LLC, which has three members who are "citizens of the United States, domiciled in and citizens of Kentfield, California, Tiburon, California, and San Francisco, California" at the time of removal. The supplemental affidavit does not identify whether these three members are individuals or corporate entities.

In response to the Motion for Remand, Purple filed a Motion to Engage in Limited Expedited Discovery to Adequately Respond to Plaintiff's Pending Motion to Remand (Dkt. #26). The Motion requested leave to conduct interrogatories, serve requests for production and set depositions, if necessary, to determine whether complete diversity exists. This Court granted the Motion. Purple served CSDVRS with interrogatories requesting that CSDVRS identify any member who is a citizen of California or Delaware. Plaintiff responded with "unknown" but re-iterated the statements made in its supplemental affidavit regarding M/C Venture Investors, LLC and adding that "[o]n information and belief, these three (3) citizens are all individuals."

<mark>2</mark>

## I. Standard for Removal

A civil case filed in a state court may be removed to federal court by a defendant if the case could have originally been brought in federal court. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Flintlock Const. Services, LLC v. Well-Come Holdings, LLC,* 710 F.3d 1221 (11th Cir. 2013).

A defendant may remove any civil action by filing a notice of removal, signed pursuant to the good faith requirements of Rule 11, which contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Section 1446(b) then establishes the prerequisites for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b). Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal. *Id.*

When a defendant removes an action to federal court on diversity grounds, a court must remand the matter to state court if complete diversity is lacking between the parties or if any of the properly served defendants are citizens of the state in which the suit was filed. *Florence v. Crescent Res., LLC,* 484 F.3d 1293, 1297 (11th Cir. 2007). Federal courts are directed to construe removal statutes strictly, resolve all doubts about

jurisdiction in favor of remand, and employ a presumption in favor of remand. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The removing party bears the burden of demonstrating that removal is proper. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

The Eleventh Circuit has held that "while it is best to include all relevant evidence in a petition for removal and motion to remand, a district court may, when necessary, consider post-removal evidence in assessing removal jurisdiction. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Further, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Id.* at 949 (citing *Allen v. R&H Oil Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

*Discussion*

Purple removed this action within thirty days of receiving the complaint. In its Amended Notice of Removal Purple asserted complete diversity of citizenship between Plaintiff and Defendants. The Amended Notice of Removal also alleged that Plaintiff CSDVRS is a limited liability company with seven members, as follows: 1) Communication Services for the Deaf, Inc.; 2) Sean Belanger, an individual; 3) M/C Venture Partners V, L.P.; 4) M/C Venture Partners VI, L.P.; 5) M/C Venture Investors, LLC; 6) Providence Growth Investors, L.P.; and 7) Providence Growth Entrepreneurs Funds, L.P. These were the seven members identified by CSDVRS in the Prior Action. The Amended Complaint in the Prior Action did not specifically allege the names or

4

citizenship of the partners of the limited partnerships or the members of the limited liability companies that were members of CSDVRS.

To sufficiently allege the citizenship of unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership. *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC* 374 F. 3d 1020, 1022 (11th Cir. 2004). Further, for purposes of determining diversity of citizenship, a limited liability company is deemed to be a citizen of each state in which any of its members is a citizen. A limited partnership is deemed to be a citizen of each state in which any of its partners, limited or general, is a citizen. *Id.*

The Amended Notice of Removal filed by Purple did not affirmatively allege the identity or citizenship of the members of M/C Venture Investors, LLC; M/C Venture Partners V, L.P.; M/C Venture Partners VI, L.P.; Providence Growth Investors, L.P; or Providence Growth Entrepreneurs Funds, L.P. The Amended Notice of Removal instead alleged that each of these entities did not have any member or general or limited partner that is a citizen of Delaware or California. Based on these allegations about the lack of citizenship in either Delaware or California, Purple represented that there is complete diversity of citizenship between the parties.

However, Purple did not have evidence of complete diversity at the time that it filed its Amended Notice of Removal. The complaint did not contain this information, and therefore, there was no basis for removal based on complete diversity on the face of the complaint. Purple claims that "Plaintiff's certification in the Prior Action provides the factual basis for establishing complete diversity between the parties." However, once

CSDVRS dismissed that complaint, it could not serve as a basis for removal, only the current complaint is at issue. Once CSDVRS disputed the basis for removal in its Motion to Remand, Purple had the burden to produce evidence proving the allegations in the Amended Notice of Removal.

Purple has failed to meet its burden of demonstrating that removal is proper. The Court allowed Purple limited jurisdictional discovery to allow Purple to produce this evidence, and none is currently in the record. Purple did not sufficiently list the citizenships of all the members of CSDVRS in its Amended Notice of Removal. Purple viewed Plaintiff's allegations in the original complaint as a "certification" that complete diversity existed. However, the original complaint was not verified and Purple has not cited to any authority to support the theory that CSDVRS should be bound by the allegations in the Prior Action which it voluntarily dismissed. There is doubt as to whether there is complete diversity among the Plaintiff and Defendants. Since the Court must resolve all doubts in favor of remand; the case is remanded to state court. *Williams*, 269 F.3d at 1319.

## II. Plaintiff's Request for Attorney's Fees

CSDVRS requests that Purple pay Plaintiff's costs and expenses, including attorney's fees, incurred as a result of improper removal of this action pursuant to 28 U.S.C. §1447(c). It alleges that Purple did not in any way seek to verify the statements made in its Amended Notice of Removal regarding the citizenship of the members of Plaintiff's members. CSDVRS argues that Purple should have been on notice of the lack of diversity due to the dismissal of the prior complaint after Defendant Aupix, Ltd.

challenged the Court's personal jurisdiction. Purple argues that the allegations in the Prior Action provided the basis for removal.

Courts use their discretion under 28 U.S.C. §1447(c) to award costs and fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The "standard for awarding fees should turn on the reasonableness of the removal." *Id*. Further, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely when an objectively reasonable basis exists, fees should be denied." *Id*.

Purple had an objectively reasonable basis for removal based on the allegations in the Prior Action. The court disagrees with Purple's characterization of the allegations in the Prior Action as a "certification of complete diversity," however, it certainly provided a basis for Purple to believe that diversity existed. Defendant Aupix's Motion to Dismiss in the Prior Action centered on challenging personal jurisdiction, not diversity. Therefore, when CSDVRS dismissed its case in response, it did not necessarily put Purple "on notice" that there was no diversity. Further, Purple did assert on numerous occasions that it would not oppose the Motion to Remand if CSDVRS produced satisfactory evidence that any of its members was a citizen of California or Delaware. CSDVRS' declarations and affidavits lacked the minimal factual statements to establish a lack of diversity. Therefore, the court denies the Plaintiff's request for costs and attorney's fees.

It is ORDERED AND ADJUDGED that:

1. Plaintiff, CSDVRS, LLC's Motion to Remand (Dkt. # 21) is granted in part and denied in part.

2. The Clerk is directed to **remand** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. Plaintiff, CSDVRS, LLC's request for costs and attorney's fees is denied.

4. CSDVRS, LLC's Motion for Leave to Reply to Defendant Purple Communications' Opposition to Plaintiff's Motion to Remand (Dkt. #46) is denied as moot.

5. All pending motions are denied as moot and the clerk is directed to close the file.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of October, 2013.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-1811-remand.docx